deed. They would not be allowed to object to the use of their names, if they attempted to do it. The only relief the court would afford them would be to indemnify them from costs. This power results from the nature of the operation of the deed. The plaintiff could not assert his rights without using the deed. With regard to the second objection, that these lessors have no title, it is sufficient that the circumstances of the plaintiff's case require that they should be made lessors. Wherever this is the case, the state courts do not require that an interest should be shown. In ejectment, the courts always control the action so as to attain justice. We can see here no object in making these persons lessors, but to try the title fairly. It is, in almost all cases, necessary that the plaintiff should make use of the title of the grantor and grantee. Perhaps, if the defendant chooses to stipulate not to avail himself of the adverse possession, we may order the demises to be struck out. Motion denied.

KELLEY (PRICE v.). See Case No. 11,413.

## Case No. 7,660.
### KELLEY v. The PROSPERITY.
[The case reported under above title in Bee, 38, is published as a note to Case No. 15,331.]

KELLEY v. THOMPSON. See Case No. 4,056.

KELLOGG (ATKINSON v.). See Case No. 613.

## Case No. 7,661.
### KELLOGG et al. v. BARNARD.
[6 Blatchf. 279.] [1]

Circuit Court, D. Connecticut. Dec. 21, 1868. [2]

SALE—SAMPLE—CAVEAT EMPTOR—FALSE PACKING —DAMAGES.

1. On the facts of this case, a sale of wool was *held* not to be a sale by sample, with a warranty that the bulk of the wool should equal certain samples of it.

[Cited in Boyd v. Wilson, 83 Pa. St. 319.]

2. What the rule of caveat emptor is, stated.

3. A custom of the wool trade, which supplies, on a sale of wool in bales, a warranty against its being falsely packed, is valid.

4. Where such a custom exists, qualified by the condition that the seller must, within a reasonable time, be notified and furnished with the marks and numbers of the bales claimed to be falsely packed, the purchaser is entitled, on compliance with such condition, to recover from the seller the damages sustained by reason of false packing.

This was an action on the case, tried before the court without a jury. The court found the following facts: The plaintiffs are merchants, and dealers in wool, at Hartford, Connecticut, and the defendant [George M. Barnard] was a commission merchant, and

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Reversed in 10 Wall. (77 U. S.) 383.]

an importer of and dealer in foreign wool, at Boston, Massachusetts. George W. Bond & Co. were wool brokers at Boston. On the 13th of July, 1864, said Bond & Co. wrote E. N. Kellogg & Co., who were some of the plaintiffs in this suit, the following letter: "Boston, July 30th, 1864. Messrs. E. N. Kellogg & Co. Gent. We send you to-day, by request of our junior, the following samples of Mestiza wools—961, S. T. 64 bales, No. 1, 50 cents; 962, S. T. 15 bales, No. 1, 50 cents; 963, N. 71 bales Merino, 55 cents; 964, V. 24 bales, No. 1, 50 cents. With 963 there are two low bales at half price. These are the lowest prices we have been able to obtain, and they depend entirely upon gold valuation. We should be happy to hear from you on either or all lots. We remain yours, truly, Geo. W. Bond & Co." This letter, with the samples of wool therein referred to, was received, in due course of mail, by Kellogg & Co. Subsequently, the following correspondence, by telegraph and mail, passed between Bond & Co. and Kellogg & Co.: "To E. N. Kellogg & Co., Hartford. August 2d, 1864. If fifty cents all round is offered for Mestiza wool, may sell. Geo. W. Bond & Co.." "To Geo. W. Bond & Co., Boston. August 6th, 1864. Party will take four lots Mestiza, if they compare with samples, at fifty cents, fifteen days. E. N. Kellogg & Co." "To E. N. Kellogg & Co. August 6th, 1864. Have Mestiza, four lots, but must be examined Monday. Geo. W. Bond & Co." "Boston, August 6th, 1864. Messrs. E. N. Kellogg & Co., Hartford. Gentlemen. Your telegram received, offering 50 cents cash, 15 days, for the 4 lots Mestiza, equal to sample or no sale, and we have closed the wool, for you to be here Monday, without fail. This is our point in the sale, that it must be reported on by that time. You have got a bargain, as the market now stands. Very truly yours, Geo. W. Bond & Co.' The last-named letter was received by Kellogg & Co. on Saturday evening, Aug. 6th. On Sunday evening, the senior member of the firm, E. N. Kellogg, went to Boston. On Monday morning, August 8th, he proceeded to the store of Bond & Co., where a sample bale of each of the lots of wool had been previously sent by the defendant, that they might be examined by such customers as were seeking to purchase. The sample bales were put up in the usual way of Mestiza wool. The wool had been packed at Buenos Ayres, in South America, and brought to this country in iron-bound bales of about 1,000 pounds each. The bales stood on end in the store of Bond & Co., with one or two of the end hoops broken, and the burlaps or bagging, inclosing the same, partially removed. Kellogg proceeded to examine the same in the customary way of purchasers of such wool, by taking up and inspecting the loose places which had been rendered accessible by removing a portion of the hoops. Both the preparation of the bales for examination by